Gulf, Colorado & Santa Fe Railway Company v. Henry Miller.

Decided November 24, 1900.

**Attorney and Client—Settlement of Claim in Fraud of Client.**

Plaintiff employed M., an attorney, to prosecute a claim against a railroad for damages for personal injuries, transferring to him a half interest in the claim in payment for his services and giving him power of attorney to settle the claim by compromise. Afterwards he attempted to revoke M.'s employment, and had other attorneys to bring suit on his claim, and thereupon M. settled the claim with an agent of the railroad, giving a release of it in full, for a small and inadequate amount. The court charged that if the jury believed from the evidence that in such settlement M. and the agent conspired together to cheat and defraud plaintiff of his claim for damages, the settlement was void, and M. thereby forfeited all

claim to the half interest so transferred to him. Held correct, and that a special charge to the effect that the settlement was good for M.'s half of the damages was properly refused.

APPEAL from Tarrant. Tried below before Hon. IRBY DUNKLIN.

*J. W. Terry* and *West, Smith & Chapman,* for appellant.

*J. F. Cooper* and *R. G. Johnson,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This is the second appeal in this case. The first is reported in 53 Southwestern Reporter, 709, where the issues involved are stated. On the last trial, however, verdict and judgment went against appellant for $4266, from which this appeal is taken. The record disclosed the following facts:

On June 14, 1898, the appellee was working for appellant in Bell County as a section hand, when a civil engineer in the employ of appellant, and in the discharge of his duty, threw from the rear platform of a passenger train a bundle of grade stakes which struck the appellee on the side and back, inflicting serious, painful, and probably permanent injuries. The circumstances under which the injuries were inflicted warranted the jury in concluding that the appellant's civil engineer was guilty of negligence in the performance of a duty by reason whereof the injury occurred, and that appellee was not guilty of contributory negligence as alleged against him. The evidence of injury and suffering was sufficient to sustain the amount of the verdict.

On the 12th day of July, 1898, appellee entered into the written contract, quoted in our report of this case on the former appeal, with McMahan, an attorney of Belton, Texas, whereby he employed the attorney to sue the railway company for damages resulting from his said injuries, and agreed to give him one-half of what he recovered as a fee, and transferred him one-half of the claim. The attorney filed suit on this claim about the 13th day of July at Belton for $10,000 damages. On the 13th or 14th of July Miller directed a mutual friend of his and McMahan's to notify McMahan that he did not want him to bring the suit and revoked his authority, but it seems that this friend never delivered the message to McMahan, and early in August Miller came to Fort Worth and employed Cooper & Johnson, attorneys of Fort Worth, to bring this suit, and they filed the suit on August 8, 1898. McMahan knew before he compromised the Bell County suit that Miller had employed lawyers at Fort Worth to bring and prosecute the suit there, and that he had thus, in effect, discharged him from the case, and had abandoned the suit filed in Bell County altogether, and was prosecuting his suit at Fort Worth, through Cooper & Johnson, and the appellant also knew the same facts through its claim or auditing agents who were trying to settle the case with Miller, appellee having told one of them that he had discharged McMahan. Knowing these facts, and after having failed to settle with Miller, one of the auditing agents, Mr. H. S.

Downey, compromised and settled the case with McMahan, paying him $100 in full of Miller's claim, and took the receipt from McMahan set out in our former opinion, Downey knowing that Miller had employed Cooper & Johnson, who were in charge of the case. While the evidence is conflicting on the issue, we think it tended to show, and was sufficient to warrant the jury in concluding, that this compromise and settlement was made with intent on the part of both Downey and McMahan to defraud Miller out of his claim for damages. And we conclude, therefore, as a matter of law, as seems to have been the view taken by the learned district judge, that it did not affect Miller's rights in the premises in any manner whatever; and that by reason of the fraud of the attorney upon his client therein exhibited, the attorney forfeited all his rights and interest in the contract, and the same was then and there and thereby revoked, canceled, and annulled.

One of the paragraphs of the court's charge complained of by appellant, is as follows: "If you believe from the evidence that in the transaction whereby said receipt was executed and delivered to H. S. Downey, as claim agent of the defendant, who in consideration therefor paid the said McMahan the sum of $100, they, the said Downey and McMahan, conspired together to thereby cheat and defraud plaintiff of his alleged damages, if any, or a part thereof, then you will find that the said alleged settlement was void, and that the one-half interest of McMahan in plaintiff's said claim for damages, which plaintiff had theretofore conveyed to him by said contract of employment, was thereby forfeited to plaintiff." It is objected that the evidence did not warrant the charge, but we have found to the contrary.

The appellant's theory of the case is shown by several special charges asked which were refused by the court, and upon said refusals several assignments of error are predicated. The special charges requested were to the effect that the contract and power of attorney executed by Miller to McMahan could not be revoked by Miller without McMahan's consent, and unless it was so revoked McMahan had the right to compromise the claim; or, if legally revoked and appellant had no notice thereof, the compromise would be binding on Miller. Also that, although McMahan may have known that Miller had employed other lawyers to bring and prosecute his suit at Fort Worth, yet if he compromised the case in order to obtain something for himself out of his contract with Miller, the settlement would not be void, but would be good for at least McMahan's one-half of all the damages sustained by Miller, and the jury should not find for Miller more than one-half of such damages.

As already indicated, we think the charge of the court was proper, and the special charges asked were defective and incorrect in failing to include the hypothesis of conspiracy and fraud alleged in the plaintiff's reply against the appellant's agent and McMahan. For, while both Downey and McMahan deny any conspiracy or fraud in the making of the settlement, yet the circumstances were such as to warrant the jury in concluding to the contrary. The injuries complained of were of a

serious character, as shown by the evidence of the physicians and other witnesses, and also by the verdict of the jury. Miller's determination to prosecute his claim to judgment was evident from his activity in employing lawyers and bringing suit for large sums in damages, and his persistent refusal to settle for a small sum. He testified that one of the claim agents of appellant had offered him $150 in settlement of his claim, which he declined. When, therefore, Downey induced McMahan, the discharged attorney, to accept $100, and receipt and discharge the claim in full, he knew, or must be held to have known, that the discharged attorney was acting in bad faith with his former client, and that in such case, by reason of his fraud, he would forfeit all his rights and interests under the contract, and the settlement with such attorney would be null and void. The charge of the court was therefore proper, and there was no error in refusing the special charges asked by appellant.

All the other assignments have been considered by us and overruled as having no merit, and none of them seem to require any statement or discussion.

Finding no error in the judgment, it is affirmed.

*Affirmed.*